IN THE UNITED STATES DISTRCT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALTHEA SHACKELFORD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-03496 |
| | § | |
| SPECIALIZED LOAN SERVICING LLC, and U.S. BANK, N.A., | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' ORIGINAL ANSWER

Defendants U.S. Bank National Association, as Trustee for TBW Mortgage-Backed Trust Series 2007-2, TBW Mortgage Pass-Through Certificates, Series 2007-2[1] ("U.S. Bank"), and Specialized Loan Servicing, LLC ("SLS" and together with U.S. Bank, "Defendants") hereby file this Original Answer to *Plaintiffs' Original Petition and Application for Injunctive Relief* (the "Petition"). Defendants state as follows:

### I. ANSWER

1. Paragraph 1 of the Petition contains a statement regarding a state court discovery control plan, which is not applicable to this action that is now pending in this Court.

2. Defendants admit the statements and allegations in Paragraph 2.1 of the Petition.

3. Defendants admit the statements and allegations in Paragraph 2.2 of the Petition.

4. Defendants admit the statements and allegations in Paragraph 2.3 of the Petition.

5. With respect to the statements and allegations in Paragraph 3.1 of the Petition, Defendants state this Court has subject matter jurisdiction over this action.

---

[1] Defendant U.S. Bank National Association, as Trustee for TBW Mortgage-Backed Trust Series 2007-2, TBW Mortgage Pass-Through Certificates, Series 2007-2, is appearing herein in its correct capacity and is defending all claims against the named "U.S. Bank N.A." in this action.


6. With respect to the statements and allegations in Paragraph 3.2 of the Petition, Defendants state this Court has jurisdiction over the parties.

7. With respect to the statements and allegations in Paragraph 3.3 of the Petition, Defendants state this Court is the proper venue for this action because it concerns real property and improvements located in Harris County, Texas.

8. Paragraph 4.1 contains a statement of relief to which no response is required. To the extent a response is required, Defendants deny Plaintiff is entitled to the relief requested therein.

9. Paragraph 4.2 contains a statement of relief to which no response is required. To the extent a response is required, Defendants deny Plaintiff is entitled to the relief requested therein.

10. Defendants admit the statements in Paragraph 5.1

11. Defendants do not have sufficient information to admit or deny the statements in Paragraph 5.2 of the Petition. To the extent a response is required, Defendants deny the statements in Paragraph 5.2 and demand strict proof thereof.

12. Defendants deny the statements in Paragraph 5.3 and demands strict proof thereof.

13. Defendants deny the statements in Paragraph 5.4 and demands strict proof thereof.

14. Defendants do not have sufficient information to admit or deny the statements in Paragraph 5.5 of the Petition. To the extent a response is required, Defendants deny the statements in Paragraph 5.5 and demand strict proof thereof.

15. Defendants do not have sufficient information to admit or deny the statements in

Paragraph 5.6 of the Petition. To the extent a response is required, Defendants deny the statements in Paragraph 5.6 and demand strict proof thereof.

16. Defendants deny the statements and allegations in Paragraph 5.7 and demand strict proof thereof.

17. Defendants do not have sufficient information to admit or deny the statements in Paragraph 5.8 of the Petition. To the extent a response is required, Defendants deny the statements in Paragraph 5.8 and demand strict proof thereof.

18. Defendants do not have sufficient information to admit or deny the statements in Paragraph 5.9 of the Petition. To the extent a response is required, Defendants deny the statements in Paragraph 5.9 and demand strict proof thereof.

19. Defendants do not have sufficient information to admit or deny the statements in Paragraph 5.10 of the Petition. To the extent a response is required, Defendants deny the statements in Paragraph 5.10 and demand strict proof thereof.

20. Defendants do not have sufficient information to admit or deny the statements in Paragraph 5.11 of the Petition. To the extent a response is required, Defendants deny the statements in Paragraph 5.11 and demand strict proof thereof.

21. Defendants admit that the property was posted for foreclosure sale October 4, 2022. Defendants deny the remaining statements and allegations in Paragraph 5.12 and demand strict proof thereof.

22. Paragraph 6.1 of the Petition contains a citation to statutes and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the statements and allegations in Paragraph 6.1 and demand strict proof thereof.

23. Defendants deny the statements in Paragraph 6.2 and demand strict proof thereof.

24. Paragraph 6.3 of the Petition contains legal conclusions for which a response is not required. To the extent a response is required, Defendants deny the statements in Paragraph 6.3 and demand strict proof thereof.

25. Paragraph 6.4 of the Petition contains legal conclusions for which a response is not required. To the extent a response is required, Defendants deny the statements in Paragraph 6.4 and demand strict proof thereof.

26. Paragraph 6.5 of the Petition contains legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the statements and allegations in Paragraph 6.5 and demand strict proof thereof.

27. Defendants incorporate their previous responses herein.

28. Defendants deny the statements in Paragraph 8.1 and demand strict proof thereof. Defendants further deny Plaintiff is entitled to the relief requested.

29. Paragraph 8.2 of the Petition contains legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the statements and allegations in Paragraph 8.2 and demand strict proof thereof.

30. Paragraph 8.3 of the Petition contains legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the statements and allegations in Paragraph 8.3 and demand strict proof thereof.

31. Paragraph 8.4 of the Petition contains legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the statements and allegations in Paragraph 8.4 and demand strict proof thereof.

32. Defendants do not have sufficient information to admit or deny the statements in Paragraph 8.5 of the Petition. To the extent a response is required, Defendants deny the

statements in Paragraph 8.5 and demand strict proof thereof.

33. Paragraph 8.6 contains a statement of relief to which no response is required. To the extent a response is required, Defendants deny Plaintiff is entitled to the relief requested therein.

34. Defendants incorporate their previous responses herein.

35. Defendants deny the statements in Paragraph 9.2 and demands strict proof thereof. Defendants deny Plaintiff is entitled to the relief requested.

    a. Defendants deny the statements in Paragraph 9.2a and demand strict proof thereof. Defendants further deny Plaintiff is entitled to the relief requested.

    b. Defendants deny the statements in Paragraph 9.2b and demand strict proof thereof. Defendants further deny Plaintiff is entitled to the relief requested.

    c. Defendants deny the statements in Paragraph 9.2c and demand strict proof thereof. Defendants further deny Plaintiff is entitled to the relief requested.

    d. Defendants deny the statements in Paragraph 9.2d and demand strict proof thereof. Defendants further deny Plaintiff is entitled to the relief requested.

    e. Defendants do not have sufficient information to admit or deny the statements in Paragraph 9.2e of the Petition. To the extent a response is required, Defendants deny the statements in Paragraph 9.2e and demand strict proof thereof.

36. Defendants deny the statements in Paragraph 10.1 and demand strict proof thereof.

37. Defendants deny the statements in Paragraph 10.2 and demand strict proof thereof. Defendants further deny Plaintiff is entitled to the relief requested in the Prayer of the Petition.

    a. Defendants deny Plaintiff is entitled to the relief requested in Paragraph 10.2a.

    b. Defendants deny Plaintiff is entitled to the relief requested in Paragraph 10.2b.

    c. Defendants deny Plaintiff is entitled to the relief requested in Paragraph 10.2c.

    d. Defendants deny Plaintiff is entitled to the relief requested in Paragraph 10.2d.

    e. Defendants deny Plaintiff is entitled to the relief requested in Paragraph 10.2e.

## II. DEFENSES

Defendants asserts the following affirmative defenses:

1. Defendants deny that all conditions precedent to a right of recovery have been satisfied.

2. Plaintiff's claims are barred by the applicable statutes of limitations.

3. Plaintiff's claims are barred or any failure to perform is excused by the doctrines of affirmation, ratification, and waiver.

4. Plaintiff's claims are barred or any failure to perform is excused by the doctrine of accord and satisfaction.

5. Plaintiff's claims are barred by the election of rights doctrine.

6. One of more of Plaintiffs' claims are barred by the "one satisfaction" and "con-tort" doctrines, or "economic loss" rule.

7. Plaintiff failed to mitigate her damages.

8. Defendants claim all offsets and credits available to them.

9. Defendants are not liable for the acts, omissions, or conduct of other persons or entities not authorized to act on behalf of them; pleading further, and in the alternative, Defendants are not liable for the acts, omissions, or conduct of its agents who exceeded the scope of their authority.

10. Plaintiff's damages, if any, were proximately caused by the acts, omissions, or breaches of other persons and entities, including Plaintiff, and the acts, omissions, or breaches were intervening and superseding causes of Plaintiff's damages, if any.

11. Defendants' actions and omissions, if any, were undertaken in good faith, with the absence of malicious intent to injure Plaintiff, and constitute lawful, proper and justified means to further the business purposes of Defendants. Any purported conduct of individuals who were or are agents of Defendants was privileged, and those individuals were and are justified in engaging in the conduct attributed to them. Defendants pleads all statutory and common law privileges that may apply to their conduct and those of their agents.

12. Any allegedly wrongful acts or omissions of Defendants, if and to the extent such acts and omissions occurred, were legally excused or justified.

13. Defendants would show its conduct or activity conformed at all times to any and all applicable state and federal statutes, codes, and regulations.

14. Plaintiff's claims are barred, in whole or in part, by the doctrines of judicial estoppel, collateral estoppel, quasi estoppel, contractual estoppel, equitable estoppel and res judicata.

15. Some or all of Plaintiff's claims are barred by the doctrine of laches.

16. Any alleged wrongful acts or omissions of Defendants, if and to the extent such acts or omissions occurred, were not intentional and resulted from a bona fide error.

17. Plaintiff's claims must fail due to the failure to tender all amounts admittedly owed.

18. Plaintiff fails to state a claim upon which relief may be granted.

19. Plaintiff is not entitled to recover attorney's on one or more of her claims.

Respectfully submitted,

By: */s/ Nicholas M. Frame*
**MARK D. CRONENWETT**
Attorney in Charge
Texas Bar No. 00787303
Southern District Bar No. 21340
mcronenwett@mwzmlaw.com

**NICHOLAS M. FRAME**
Of Counsel
Texas Bar No. 24093448
Southern District Bar No. 3121681
nframe@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P. C.**
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via ECF notification on October 21, 2022 on the following counsel of record:

Ray L. Shackelford
1406 Southmore Blvd.
Houston, TX 77004
(713) 520 8484
(713) 520-8192 - Facsimile
rshackctic@yahoo.com
*Attorneys for Plaintiff*

*/s/ Nicholas M. Frame*
**NICHOLAS M. FRAME**