IN THE UNITED STATES DISTRCT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALTHEA SHACKELFORD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-3496 |
| | § | |
| SPECIALIZED LOAN SERVICING LLC, and U.S. BANK, N.A., | § § § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' REPLY IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT**

Defendants U.S. Bank National Association, as Trustee for TBW Mortgage-Backed Trust Series 2007-2, TBW Mortgage Pass-Through Certificates, Series 2007-2[1] ("U.S. Bank"), and Specialized Loan Servicing, LLC ("SLS" and together with U.S. Bank, "Defendants") file this their Reply in Support of Motion for Summary Judgment, and shows as follows:

**I. PROCEDURAL BACKGROUND**

1. Defendants filed their Motion for Summary Judgment against Plaintiff Althea Shackelford on June 23, 2023. [ECF Doc. No. 10.] Due to an oversight of Plaintiff's counsel not being registered in the ECF system, Defendants' counsel was unable to complete service initially. On August 30, 2023, Plaintiff filed an amended certificate of service serving Defendants' Motion for Summary Judgment on Plaintiff's counsel via certified mail, U.S. mail and by email. [ECF Doc. No. 12].

---

[1] Defendant U.S. Bank National Association, as Trustee for TBW Mortgage-Backed Trust Series 2007-2, TBW Mortgage Pass-Through Certificates, Series 2007-2, is appearing herein in its correct capacity and is defending all claims against the named "U.S. Bank N.A." in this action.

2. Pursuant to Local Rule 7.4(A), and Court Procedures 15(e)[2], Plaintiff's response to Defendant's Motion for Summary Judgment was due within 21 days on September 20, 2023. Local Rule 5(g). Plaintiff failed to timely file a response to Defendant's Motion for Summary Judgment.

3. The Court set a status conference on November 9, 2023, at 2:30 P.M. [ECF Doc. No. 15]. On November 8, 2023, Plaintiff's counsel sent a letter advising the Court that he would be filing his Response to Defendant's Motion for Summary Judgment and his Pro Hac Vice motion. The Court cancelled the status conference.

4. After Plaintiff failed to file his Response to Defendants' Motion for Summary Judgment and submit a motion to appear pro hac vice, the Court notified both parties that a Show Cause Hearing would be set on November 16, 2023 at 1:15 P.M. [ECF Doc. No. 16].

5. On November 14, 2023, Plaintiff's counsel filed a Response to Defendants' Motion for Summary Judgment. [ECF Doc. No. 17].

## II. ARGUMENT AND AUTHORITIES

*No special relationship between parties to support duty of good faith and fair dealing*

6. Texas does not "recognize a common law duty of good faith and fair dealing in transactions between a mortgagee and mortgagor, absent a special relationship marked by shared trust or an imbalance in bargaining power." *Visconti v. Bank of Am.*, No. 4:10cv532, 2012 U.S. Dist. LEXIS 124315, *6, 2012 WL 3779083, at *2 (E.D. Tex. Aug. 31, 2012) (quoting *Coleman v. Bank of Am.*, N.A., 2011 U.S. Dist. LEXIS 67056, 2011 WL 2516169, at *1 (N.D. Tex. May 27, 2011) (unpublished)) (quotation marks omitted); *see Souto v. Bank of Am.,* No. H-11-3556,

---

[2] The parties also conferred via email on August 30, 2023, and Plaintiff's counsel agreed to a deadline for a response 21 days from Plaintiff's amended certificate of service.

2012 U.S. Dist. LEXIS 118841, 2012 WL 3638024, at *4 (S.D. Tex. Aug. 22, 2012); *Casterline v. Indy Mac/One West*, 761 F. Supp. 2d 483, 491 (S.D. Tex. 2011); *Fed. Deposit Ins. Corp. v. Coleman*, 795 S.W.2d 706, 709 (1990).

7. Plaintiff has offered no evidence from which the Court could infer the existence of a special relationship that would trigger a duty of good faith and fair dealing on the part of Defendants. Additionally, Plaintiff has not directed the Court to any case law supporting the existence of a special relationship. Plaintiff has thus failed to raise a question of fact about the existence of a duty of good faith and fair dealing on the part of Defendants.

### *No private cause of action under 12 CFR §§1024.35 and §1024.39*

8. Beyond restating the applicable code provisions in the Real Estate Settlement Procedures Act ("RESPA") and offering conclusory allegations, Plaintiff fails to raise a genuine issue of material fact.

9. Plaintiff fails to address that violations under 12 C.F.R. §§1024.35 and 1024.39 are not private causes of action. *Solis v. U.S. Bank, N.A.*, No. H-16-00661, 2017 U.S. Dist. LEXIS 211711, 2017 WL 4479957, at *3 (S.D. Tex. June 23, 2017), aff'd, 726 F. App'x 221 (5th Cir. 2018); *Vallier v. Nationstar Mortg., LLC*, No. CV H-17-0998, 2018 U.S. Dist. LEXIS 42134, 2018 WL 1319166, at *5 (S.D. Tex. Feb. 1, 2018), report and recommendation adopted, No. 4:17-CV-0998, 2018 U.S. Dist. LEXIS 41187, 2018 WL 1322247 (S.D. Tex. Mar. 13, 2018) ("there is no private cause of action for any violation of 12 C.F.R. §§ 1024.35") By failing to address this argument, Plaintiffs abandoned these claims. Defendants are, therefore, entitled to dismissal with prejudice of these claims. *See Mayo v. Halliburton Co.*, 2010 U.S. Dist. LEXIS 113816, 2010 WL 4366908, at *5 (S.D. Tex. Oct. 26, 2010).

10. In fact, Plaintiff attempted the same argument in previous litigation against Defendant's predecessor in interest. The Court dismissed Plaintiff's RESPA claims with prejudice holding, "The Fifth Circuit has also held that neither 12 CFR § 1024.35 nor 12 CFR § 1024.39 provide for a private right of action." *Shackelford v. Ocwen Loan Servicing LLC*, No. 4:19-cv-01540, 2020 U.S. Dist. LEXIS 113226, 2020 WL 3542276, at *3 (S.D. Tex. June 29, 2020).

*No viable cause of action to support injunctive relief*

11. "[A] request for injunctive relief must be dismissed unless it is supported by a viable claim." *Denman v. Wells Fargo Bank*, N.A., No. SA-13-CV-11-XR, 2013 U.S. Dist. LEXIS 62799, 2013 WL 1866580, at *2 (W.D. Tex. May 2, 2013). Because Plaintiffs have failed to state a plausible claim they are not entitled to injunctive relief. *Rodriguez v. Bank of America*, N.A., No. SA-12-CV-00905-DAE, 2013 U.S. Dist. LEXIS 59469, 2013 WL 1773670, at *13 (W.D. Tex. April 25, 2013)

**WHEREFORE,** Defendants request that Plaintiff takes nothing on her claims plus Defendants recover its attorneys' fees and all costs of suit as a further obligation on the debt. Defendants further request such other and further relief to which it may be entitled.

Respectfully submitted,

By: */s/ Nicholas M. Frame*
**MARK D. CRONENWETT**
Texas Bar No. 00787303
Southern District Bar No. 21340
mcronenwett@mwzmlaw.com

**NICHOLAS M. FRAME**
Texas Bar No. 24093448
Southern District Bar No. 3121681
nframe@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P. C.**
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned certifies that on November 21, 2023, a true and correct copy of the foregoing document was delivered to the following via the method prescribed below:

Via Email: rhsacktic@yahoo.com
ECF And Regular Mail
Ray Shackelford
Shackelford & Associates, LLC
1406 Southmore Blvd.
Houston, Texas 77004
(713) 520 8484
*Attorney for Plaintiff*

    */s/ Nicholas M. Frame*
**NICHOLAS M. FRAME**