IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **ALTHEA SHACKELFORD** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:20-cv-03496 |
| | § | |
| | § | |
| **OCWEN LOAN SERVICING, LLC,** | § | |
| | § | |
| *Defendant* | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S REPLY IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE OF THE DISTRICT COURT:

COMES NOW, ALTHEA SHACKELFORD, Plaintiff in the above-styled and numbered cause and files her Response to Defendant's Reply in Support of Motion for Summary Judgment on the Pleadings and in support thereof would show unto this Honorable Court as follows:

**BACKGROUND**

Since the execution of the Texas Home Equity Security Instrument on or about April 3, 2007, payments were made in a timely and consistent manner through December 2009. Due to the change in the health and medical condition of Plaintiff, Lingie Shackelford and began to inquire with the former mortgage servicer, *Taylor Bean and Whitaker Mortgage Corp.* regarding the mortgage in either the form of a loan modification and/or short sale to process a reverse mortgage on the above captioned property. For the next several years, the Plaintiff encountered the transfer and assignment of her mortgage several times from Taylor Bean & Whitaker Mortgage Corp. to

American Home Mortgage Servicing, Inc. (AHMSI) to Homeward Residential Inc. and finally to Defendant Ocwen Loan Servicing, LLC.

Throughout these transfers and assignments, Plaintiffs have encountered dilatory and repetitive actions and requests by each of the aforementioned mortgage servicers including litigation in an effort to complete her loan workout request.  Plaintiff, at the request of Defendant, forwarded the completed short sale package and documentation on or about March 15, 2015 and to date after several inquires have not received any response.  As a result, counsel for Plaintiff has continued to make inquires with the Defendant's short sale department to resolve this matter and finalize the short sale request.  Again, counsel for Plaintiff has submitted the required updated information and has made several requests for a field inspection of the property to complete the evaluation of the property in question for the short sale request and has previously supplied a copy of the short sale application from September 2018.

## PLAINTIFF'S CLAIMS

RESPA is a consumer protection statute designed to protect mortgagors from "'unnecessarily high settlement charges caused by certain abusive practices' in the real estate mortgage industry," and "to ensure 'that consumers . . . are provided with greater and more timely information on the nature and costs of the settlement process.'" *Nash v. PNC Bank*, *N.A*. *Jones v. Wells Fargo Bank*, Civil Action No. ELH-18-8, 15 (D. Md. Sep. 12, 2018)

"Among other things, RESPA requires a mortgage servicer to respond to a borrower's "qualified written request" ("QWR") seeking "information relating to the servicing of" a mortgage loan." *Jones v. Wells Fargo Bank*, Civil Action No. ELH-18-8, 16 (D. Md. Sep. 12, 2018)

"Plaintiff fails to address that violations under 12 C.F.R. §§1024.35 and 1024.39 are not private causes of action."

A "notice of error" is described in 12 C.F.R. § 1024.35. It is "a form" of a QWR. Nash, 2014 WL 2895779, at *6. The section imposes a duty on a servicer to respond to a notice informing the servicer of specified categories of "covered errors." 12 C.F.R. § 1024.35(b) (listing the categories of "covered errors"). Upon receipt of a notice of a covered error, a servicer must investigate the borrower's assertions and provide a response within the specified time, which varies with the nature of the alleged error. See12 C.F.R. § 1024.35(e). **Failure to comply with the requirements of 12 C.F.R. § 1024.35 is enforceable by private action under 12 U.S.C. 2605.** *See Lage v. Ocwen Loan Servicing LLC*, 839 F.3d 1003, 1007 (11th Cir. 2016) (stating that there is a private right of action to enforce 12 C.F.R. § 1024.35 under 12 U.S.C. § 2605). *Jones v. Wells Fargo Bank*, Civil Action No. ELH-18-8, 19 (D. Md. Sep. 12, 2018)

In *McCants et al v. Dovenmuehle Mortgage et al* the Plaintiff centers on 12 C.F.R. § 1024.35 of Regulation X, which prohibits dual-tracking and governs error resolution procedures and permits borrowers to submit written notices of serving errors to a servicer, and damages owed pursuant to 12 U.S.C. § 2605. The Defendants move for summary judgment on the basis that here is no private right of action under Section 1024.35 and Section 1024.36 of RESPA. … the Fifth Circuit has held that "Section 1024.41 (g) prohibits dual tracking, and 1024.41(a) expressly provides for a private right of action in the event the lender violates the provision." Gresham v. Wells Fargo Bank, N.A., 642 F. App'x 355, 359 (5th Cir. 2016). …Defendant's Motion for Summary Judgment as to Count III was DENIED. *McCants et al v. Dovenmuehle Mortgage et al*, No. 6:2021cv00129 - Document 204 (W.D. Tex. 2023)

***Violation of 12 C.F.R. § 1024.35 Error resolution procedures.***

The Plaintiff has plead repeatedly the Defendant violated the following sections:

> **(a)** Notice of error. A servicer shall comply with the requirements of this section for any written notice from the borrower that asserts an error and that includes the name of the borrower, information that enables the servicer to identify the borrower's mortgage loan account, and the error the borrower believes has occurred. A notice on a payment coupon or other payment form supplied by the servicer need not be treated by the servicer as a notice of error. A qualified written request that asserts an error relating to the servicing of a mortgage loan is a notice of error for purposes of this section, and a servicer must comply with all requirements applicable to a notice of error with respect to such qualified written request.

The Defendant asserts "Plaintiff has offered no evidence from which the Court could infer the existence of a special relationship that would trigger a duty of good faith and fair dealing on the part of Defendants. … Plaintiff has thus failed to raise a question of fact about the existence of a duty of good faith and fair dealing on the part of Defendants."

Based on the loan agreement, Defendant owed a duty to Plaintiff under the Department of Housing and Urban Development regulations. Defendant had a duty to mortgagors and mortgage servicers such as themselves, to provide notice of any transfers, assignment or sale of the note, to properly manage the loan and escrow account, to comply with the notice provisions contained in the deed of trust before accelerating the note and foreclosing on the property, and when applying for a mortgage modification to protect her rights and not mislead her. As shown above, Defendant breached the duties it owned to Plaintiff and as a result of this breach she was damaged.

***Violation of 12 C.F.R. § 1024.39 Early intervention requirements for certain borrowers.***

The Plaintiff has also plead repeatedly the Defendant violated the following sections:

> **(b)** Written notice.
> **(1)** Notice required. Except as otherwise provided in this section, a servicer shall provide to a delinquent borrower a written notice with the information set forth in paragraph (b)(2) of this section no later than the 45th day of the borrower's delinquency and again no later than 45 days after each payment

> due date so long as the borrower remains delinquent. A servicer is not required to provide the written notice, however, more than once during any 180-day period. If a borrower is 45 days or more delinquent at the end of any 180-day period after the servicer has provided the written notice, a servicer must provide the written notice again no later than 180 days after the provision of the prior written notice. If a borrower is less than 45 days delinquent at the end of any 180-day period after the servicer has provided the written notice, a servicer must provide the written notice again no later than 45 days after the payment due date for which the borrower remains delinquent.

They also failed to inform Plaintiff of any assistance option and conduct a loss mitigation evaluation before accelerating the loan and proceeding with foreclosure. U.S. Bank violated section 1024.39 by "failing to provide accurate information to [them] for loss mitigation options and foreclosure." HN5 Under certain circumstances, **this Section requires the servicer of the loan to "make good faith efforts to establish live contact with a [*223] delinquent borrower . . . [and] inform the borrower about the availability of loss mitigation options."** *Id.* § 1024.39. As pointed out by the district court, Appellants allege only that U.S. Bank did not provide *accurate* information, not that U.S. Bank failed to make a good faith effort to inform them of their loss mitigation options. *Solis v. U.S. Bank, N.A.*, 726 Fed. Appx. 221. In the case at bar however, Plaintiff is asserting specifically that the Defendant *failed* to make a "good faith effort" to supply her with loss mitigation options.

Defendant committed violations under RESPA by failing to do the following:

a. Failing to provide Plaintiff with a specific reason or reasons for Chase's determinations for each such trial or permanent loan modification option;
b. Failing to provide accurate information to Plaintiff for loss mitigation options and foreclosure as required by 12 C.F.R. § 1024.39;
c. Failing to provide a specific reason or reasons for denial of all loan workout alternatives prior to posting the home for foreclosure;
d. Moving for foreclosure judgment or order of sale or conduct a foreclosure sale prior to providing a specific reason or reasons for denial of all loan workout alternatives.

5

*Response to Reply in Support of Motion for Summary Judgment*

Plaintiff asserts that the Defendant as a mortgage servicer violated the Texas Debt Collection Act by failing to respond timely to Plaintiff's attempts to cure, to obtain a loan modification and all other issues asserted above. Plaintiff has plead sufficient and specific facts and allegations that give the Defendant notice of the claims made against it, which is all Plaintiff is required to do.

## CONCLUSION

Plaintiff has addressed her claims when it comes to the violations committed by the Defendant and has provided sufficient evidence of the same. Defendant's Motion for Summary Judgment should be denied, and Plaintiff should be entitled to any and all further relief either in law or in equity.

WHEREFORE, ALTHEA SHACKELFORD, Plaintiff prays that this Court deny Defendant's Motion for Summary Judgment and that Plaintiff have such other and further relief to which she may be justly entitled.

Respectfully submitted,

*/s/ Ray L. Shackelford*
**RAY L. SHACKELFORD**
Attorney at Law
Shackelford & Associates, L.L.C.
Texas Bar No.: 18071500
1406 Southmore Blvd.
Houston, Texas 77004
(713) 520-8484 [Office]
(713) 520-8192 [Facsimile]
E-Mail: rshackctic@yahoo.com
Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

I, Ray Shackelford, do hereby certify that a true and correct copy of the foregoing instrument has been served to all parties shown below on this 1st day of December, 2023.

/s/ **Ray Shackelford**

*VIA Email*
Mark D. Cronenwett
mcronenwett@mwzmlaw.com
Nicholas M. Frame
nframe@mwzmlaw.com
Mackie Wolf Zientz & Mann, P.C.
14160 North Dallas Parkway, Ste. 900
Dallas, TX 75254
214.635.2650
214.635.2686 – Fax
ATTORNEYS FOR DEFENDANTS

7

*Response to Reply in Support of Motion for Summary Judgment*