United States District Court
Southern District of Texas
**ENTERED**
October 04, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **ALTHEA SHACKELFORD,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:22-CV-03496 |
| § | |
| **SPECIALIZED LOAN SERVICING** § | |
| **LLC, and U.S. BANK, N.A.,** § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

In 2007, Plaintiff Althea Shackelford took out a mortgage for the purchase of her home in Houston, Texas (the "Loan"). She defaulted on the Loan just two years later. To avoid foreclosure, Shackelford requested a short sale from her loan servicer, Defendant Specialized Loan Servicing ("SLS"). SLS denied Shackelford's request and moved forward with the foreclosure. Shackelford sued SLS to prevent the foreclosure, alleging that its handling of Shackelford's short-sale request breached the duty of good faith and fair dealing and violated several Real Estate Settlement Procedures Act ("RESPA") regulations.

Pending before the Court is Defendants' Motion for Summary Judgment, (Dkt. No. 10), arguing that each of Shackelford's claims fail as a matter of law. For the reasons explained below, the Court agrees. Defendant's Motion is **GRANTED**.

**I.    BACKGROUND**[1]

In 2007, Althea Shackelford took out a mortgage loan for $276,000 to finance the purchase of her home in Houston, Texas. (Dkt. No. 10 at 3). By December 2009, Shackelford had defaulted on her Loan. (Dkt. No. 18 at 1). After the default, Shackelford's Loan bounced from servicer to servicer, with five total assignments before landing with SLS. (Dkt. No. 1-1 at 8).

Beginning in 2021, Shackelford started applying to short sell her property with SLS in hopes of avoiding foreclosure. (*Id.*). According to Shackelford, SLS ignored her applications and posted the home for sale by foreclosure. (*Id.* at 8–9). Shackelford now seeks judicial intervention to prevent the sale. (*Id.* at 9).

Shackelford sued SLS and Defendant U.S. Bank N.A. ("Defendants") in the 334th Judicial District Court, Harris County, Texas, alleging that Defendants breached the duty of good faith and fair dealing and violated RESPA. (*Id.* at 9–11). Defendants removed the case to this Court, (*see* Dkt. No. 1), and moved for summary judgment on both of Shackelford's claims, (Dkt. No. 10 at 5). Shackelford filed a response, (Dkt. No. 18), and Defendants replied, (Dkt. No. 20).

**II.   LEGAL STANDARD**

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

---

[1] Except where noted, this section contains only undisputed facts, and all facts and reasonable inferences have been construed in favor of the nonmovant. *Renfroe v. Parker*, 974 F.3d 594, 599 (5th Cir. 2020). The Court has not weighed evidence or made credibility findings. *Id.*

56(a). A fact is material if it could affect the suit's outcome under governing law. *Renwick v. PNK Lake Charles, LLC*, 901 F.3d 605, 611 (5th Cir. 2018) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)). And "[a] dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *TIG Ins. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (quoting *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion" and identifying the record evidence that "it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).

If the movant meets this burden, the nonmovant must come forward with specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(c); *see also Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). The nonmovant must "'go beyond the pleadings and by [the nonmovant's] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial.'" *Nola Spice Designs, LLC v. Haydel Enters.*, 783 F.3d 527, 536 (5th Cir. 2015) (quoting *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553). "The nonmovant must 'identify specific evidence in the record and . . . articulate the precise manner in which that evidence supports his or her claim.'"

*Carr v. Air Line Pilots Ass'n, Int'l*, 866 F.3d 597, 601 (5th Cir. 2017) (per curiam) (quoting *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)), *as revised* (July 14, 2017). If evidence is merely colorable or not significantly probative, summary judgment is appropriate. *Parrish v. Premier Directional Drilling, L.P.*, 917 F.3d 369, 378 (5th Cir. 2019) (citing *Anderson*, 477 U.S. at 249–50, 106 S.Ct. at 2511).

In reviewing a motion for summary judgment, the district court views the evidence in the light most favorable to the nonmovant. *Carr*, 866 F.3d at 601. This means that courts must resolve factual controversies in the nonmovant's favor, "but only when . . . both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075.

## III. DISCUSSION

Defendants move for summary judgment on both of Shackelford's claims, as well as her request for injunctive relief. (Dkt. No. 10 at 5).

### A. DUTY OF GOOD FAITH AND FAIR DEALING

Shackelford alleges that Defendants breached their duty of good faith and fair dealing by denying her short-sale request and scheduling her home for foreclosure sale. (Dkt. No. 1-1 at 9–10). Defendants insist that this claim fails because no special relationship exists between the Parties. (Dkt. No. 10 at 5–6). The Court agrees with Defendants.

The Texas Supreme Court has consistently held that "a duty of good faith is not imposed in every contract but only in special relationships marked by shared trust or an imbalance in bargaining power." *FDIC v. Coleman*, 795 S.W.2d 706, 708–09 (Tex. 1990)

4

(collecting cases); *see also Arnold v. Nat'l Cnty. Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987) ("While this court has declined to impose an implied *covenant* of good faith and fair dealing in every contract, we have recognized that a duty of good faith and fair dealing may arise as a result of a special relationship between the parties governed or created by a contract." (emphasis in original)). "[T]his requisite special relationship and the circumstances which give rise to a duty of good faith and fair dealing are very limited." *White v. Mellon Mortg. Co.*, 995 S.W.2d 795, 800 (Tex. App.—Tyler 1999, no pet.). Here, Shackelford offers no evidence of a special relationship with Defendants. That failure is fatal.

"The relationship of mortgagor and mortgagee ordinarily does not involve a duty of good faith." *Coleman*, 795 S.W.2d at 709; *see also Smith v. JPMorgan Chase Bank, N.A.*, 699 F.App'x 393, 395 (5th Cir. 2017) (per curiam) ("Under Texas law, a duty of good faith is implied only in contracts involving a special relationship marked by shared trust or an imbalance in bargaining power, which ordinarily does not include a mortgagor and mortgagee relationship."); *Hernandez v. Servis One, Inc.*, No. 4:15-CV-00596, 2017 WL 9250311, at *3 (E.D. Tex. 2017) ("Texas courts have universally held that no such 'special relationship' (necessary to create a common law duty to act in good faith) exists between a mortgagor and mortgagee.") (collecting cases).

In sum, no special relationship exists between mortgagors (like Defendants) and a mortgagee (like Shackelford). Shackelford does not cite any authority to the contrary, nor does she provide any evidence suggesting an imbalance in bargaining power so extreme as to warrant finding a special relationship. With no special relationship present,

5

Shackelford's claim for breach of duty of good faith and fair dealing fails as a matter of law.

**B.     RESPA[2]**

Shackelford alleges that Defendants violated RESPA in four different ways: by (1) failing to provide her with a specific reason for their determinations "for each such trial or permanent loan modification option"; (2) failing to provide her with accurate information regarding loss mitigation options and foreclosure; (3) failing to provide a specific reason for their denial of "all loan workout alternatives"; and (4) improperly moving for foreclosure judgment before providing a specific reason for their denial of all "loan workout alternatives." (Dkt. No. 1-1 at 10). These acts, according to Shackelford, broadly violate 12 U.S.C. § 2614 and 12 C.F.R. §§ 1024.35, 1024.39, 1024.41.[3] (*Id.*). Defendants insist that summary judgment is proper because RESPA claims require actual damages, which Shackelford cannot show. (Dkt. No. 10 at 6–8). Again, Defendants are correct.

---

[2]     Shackelford brought a nearly identical suit against a previous mortgage servicer prior to the Loan being assigned to Defendants. *See Shackelford v. Ocwen Loan Servicing LLC*, No. 4:19-CV-01540, 2020 WL 3542276 (S.D. Tex. June 29, 2020). There, Shackelford's RESPA claim accused the previous servicer, Ocwen, of the same behavior complained of here. *Id.* at *1. Judge Charles E. Eskridge dismissed the suit with prejudice at the Rule 12 stage. *Id.* at *4. Although that judgment is not preclusive, the Court views Judge Eskridge's reasoning, conducted on essentially the same facts and arguments presented here, as very persuasive.

[3]     The Court interprets Shackelford's claims "broadly" because the alleged facts giving rise to each RESPA violation are not tied to a specific provision. (Dkt. No. 1-1 at 10). Instead, Shackelford's Complaint summarily states that each provision was violated and then describes general acts that allegedly violate the previously referenced provisions. (*Id.*).

Damages are an essential element of a RESPA claim. Section 2605(f) of RESPA provides that "whoever fails to comply with any provision of [RESPA] shall be liable to the borrower for each such failure in the following amounts:

> (A) any actual damages to the borrower . . . and (B) any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $2,000.

12 U.S.C. § 2605(f). The Fifth Circuit has made this point clear: "To recover, a claimant must show that actual damages resulted from a RESPA violation." *Whittier v. Ocwen Loan Servicing, L.L.C.*, 594 F.App'x 833, 836 (5th Cir. 2014) (per curiam); *see also Solis v. U.S. Bank, N.A.*, 4:16-CV-00661, 2017 WL 4479957, at *4, 4 n.10 (S.D. Tex. June 23, 2017) (granting defendant's motion to dismiss partly because plaintiffs did not allege actual damage from RESPA violation), *aff'd*, 726 F.App'x 221 (5th Cir. 2018); *Shackelford v. Ocwen Loan Servicing*, No. 4:19-CV-01540, 2020 WL 3542276, at *3 (S.D. Tex. June 29, 2020) (dismissing suit partly because Shackelford's conclusory statement regarding actual damages "fail[ed] to state a plausible claim for relief under RESPA").

Defendants argue in their Motion that Shackelford "cannot show any damages suffered in relation to a RESPA violation." (Dkt. No. 10 at 8). Shackelford's Response makes no mention of actual damages in her RESPA analysis. (*See* Dkt. No. 18 at 2–5). In her good faith and fair dealing analysis, however, Shackelford does state that if Defendants are allowed to proceed with a foreclosure sale on her property, she will suffer damages in the form of "los[ing] all of the money previously invested in the property." (Dkt. No. 18 at 2). No evidence is attached or cited in support of this assertion. Thus,

7

because Shackelford has failed to show how any alleged RESPA violations have caused her actual damages, her RESPA claims fail as a matter of law.[4]

### C. INJUNCTIVE RELIEF

Shackelford's Complaint requests a temporary injunction, a permanent injunction, and general equitable relief. (Dkt. No. 1-1 at 13–14). Defendants move for summary judgment on Shackelford's requests, arguing that Shackelford is not entitled to equitable remedies absent a meritorious claim. (Dkt. No. 10 at 8–9). Defendants are correct. Injunctive relief is a remedy, not a cause of action. *See Johnson v. Wells Fargo Bank, NA*, 999 F.Supp.2d 919, 935 (N.D. Tex. 2014). Because all Shackelford's causes of action fail as a matter of law, no injunctive relief is available.

## IV. CONCLUSION

In light of the foregoing, the Court **GRANTS** Defendants' Motion for Summary Judgment, (Dkt. No. 10). All claims against Defendants are **DISMISSED WITH PREJUDICE.**

It is SO ORDERED.

Signed on October 4, 2024.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**

---

[4] Where "the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim." *Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'ship*, 520 F.3d 409, 412 (5th Cir. 2008) (per curiam).